76 F.3d 389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Concepcion GARCIA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Concepcion GARCIA, Defendant-Appellant.
 Nos. 94-35752, 94-35754.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Concepcion Garcia appeals pro se the district court's dismissal of his second 28 U.S.C. § 2255 motion as an abuse of the writ. Garcia contends that the district court gave an erroneous jury instruction on entrapment and impermissibly shifted the burden of proof to Garcia to show entrapment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and affirm.
 
 
 3
 A petitioner abuses the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991). The State bears the initial burden of pleading abuse of the writ. Id. at 494. The State satisfies its burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. Id. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier and prejudice resulting from the errors of which he complains. Id.; Campbell, 997 F.2d at 524.
 
 
 4
 If the petitioner cannot show cause, he may obtain review of his constitutional claims only if he falls within "the narrow class of cases ... implicating a fundamental miscarriage of justice." Schlup v. Delo, 115 S.Ct. 851, 861 (1995) (citing McCleskey, 499 U.S. at 494). A fundamental miscarriage of justice occurs in those extraordinary instances when a constitutional error has probably resulted in the conviction of one who is actually innocent of the crime. Id. at 867; McCleskey, 499 U.S. at 494. In order to meet this narrow exception, the petitioner must supplement his claim of constitutional error with a colorable showing of factual innocence. Schlup, 115 S.Ct. at 864-65; McCleskey, 499 U.S. at 495. The petitioner must support his allegations of constitutional error with new reliable evidence that was not presented at trial in order to show that he is actually innocent of the crime. Schlup, 115 S.Ct. at 865.
 
 
 5
 Garcia does not dispute that he has raised new claims for the first time in a second section 2255 motion. However, Garcia contends that he has shown cause for his failure to raise these two claims in his first section 2255 motion because of a change in the law of this circuit. While Garcia's appeal of the district court's denial of his first section 2255 was pending, this court determined that a recent Supreme Court case changed the law of this circuit and required that jury instructions on entrapment must state that the defendant was predisposed to violate the law before any contact with law enforcement officials. See United States v. Mkhsian, 5 F.3d 1306 (9th Cir.1993) (discussing Jacobson v. United States, 503 U.S. 540 (1992)). However, Garcia raised the jury instruction claim and the burden-shifting claim in his petition for writ of certiorari to the Supreme Court, specifically citing Jacobson. Thus, Garcia was aware of these claims at the time he filed his first section 2255 motion. Accordingly, the district court did not abuse its discretion in determining that Garcia had failed to show cause for abusing the writ.[1] Campbell, 997 F.2d at 516.
 
 
 6
 Garcia also contends that his case falls into the narrow "fundamental miscarriage of justice" exception, stating that "had the jury been given the proper instruction, it very well could have determined that the Defendant was, indeed, innocent." This contention lacks merit because Garcia has failed to supplement his allegations of constitutional error with a colorable showing of factual innocence. See Schlup, 115 S.Ct. at 864-65; McCleskey, 499 U.S. at 495. Garcia has failed to provide any new reliable evidence that was not presented at trial. See Schlup, 115 S.Ct. at 865. Accordingly, the district court did not abuse its discretion in dismissing Garcia's second section 2255 motion as an abuse of the writ. See Campbell, 997 F.2d at 516.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Garcia has not shown cause for failing to raise the jury instruction claim in his first section 2255 motion, it is unnecessary to determine whether Garcia has also shown actual prejudice. McCleskey, 499 U.S. at 494